Dion J. Custis- 6-2674
Attorney for Plaintiff
400 East 20th Street
Cheyenne, WY 82001
307-638-2442 fax 307-638-2443

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 JUL 29  PM 4: 28

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| NICHOLAS STILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. _25-CV-176-ABJ_ |
| ) | |
| CITY OF CHEYENNE POLICE DEPARTMENT; ) | |
| POLICE OFFICER JAMES WOMACK, ) | |
| In his official and individual capacities; ) | |
| POLICE OFFICER CHAD WELLMAN, ) | |
| In his official and individual capacities; ) | |
| POLICE OFFICER COLE TOMPKINS, ) | |
| In his official and individual capacities; ) | |
| POLICE OFFICER ALEXANDER HUFF, ) | |
| In his official and individual capacities; ) | |
| POLICE OFFICER ERIC NORRIS, ) | |
| In his official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Nicholas Stillman, by and through his attorney Dion J. Custis,

and for his cause of action against the named Defendants, complains as follows.

### INTRODUCTION

This Complaint arises from violations of the Plaintiff, Nicholas Stillman's (hereinafter

referred to as Mr. Stillman) Civil Rights caused by constitutional violations by all Defendants

named in the context of criminal proceedings against Mr. Stillman in Cheyenne, Wyoming.

These violations were committed by the above-named entities and agencies "under color of law"

officially, individually, as well as conspiring together.

1

On July 30, 2021, Cheyenne Police Officers Womack, Wellman, Tompkins, Huff and Norris, physically assaulted, falsely imprisoned, and used excessive force against Mr. Stillman. This debacle occurred when Mr. Stillman was attending a concert at Cheyenne Frontier Days, where his lip was injured by an altercation occurring near him. At the Party Zone of Frontier Park located at 1210 West 8th Avenue, Police Officer Norris approached Mr. Stillman as he was walking away from the crowd surrounding a fight between two males. Officer Norris escorted Mr. Stillman to the medical center next to the North Jail after observing blood coming from Mr. Stillman's mouth. After seeking medical treatment, Mr. Stillman tried to return to the concert, but Officer Norris commanded Mr. Stillman to leave the park and not return to the concert. Sergeant Bentley was at the same location as Officer Norris and also directed Mr. Stillman to leave the location, informing him that he could walk out, or they would drag him out. Officer Norris then grabbed Mr. Stillman by his left arm, and Officer Huff grabbed his right arm to escort him out of the park. Mr. Stillman fell to the ground as a result of Officer Norris and Officer Huff grabbing his arms, but was quickly able to return to his feet. While still not being under arrest and only being advised to leave the premises, Officer Womack then wrapped his left arm over Mr. Stillman's left shoulder from behind and tried to force Mr. Stillman to the ground. When this attempt was unsuccessful, Officer Womack tried to pull Mr. Stillman to the ground backwards, by forcing all of his weight on top of Mr. Stillman, causing Mr. Stillman to fall to the ground. While Mr. Stillman was on the ground, Officer Womack pushed his left forearm against Mr. Stillman's face. At the same time, Officer Norris delivered several knee strikes to Mr. Stillman's upper leg and abdomen area, while Officer Huff struck Mr. Stillman several times in the right thigh with a closed fist. Then, Officer Huff used his baton to pull Mr. Stillman's arm out from underneath him. During this assault, Mr. Stillman was not aggressive and was simply

trying to protect himself from the knee and fist blows from the Officers. Officer Womack then placed handcuffs on Mr. Stillman, while Officer Thompkins held Mr. Stillman's legs. Officer Womack grabbed the WRAP and assisted Tompkins in placing Mr. Stillman's legs within the device, then Mr. Stillman was fully placed in the WRAP through additional assistance from Officers Huff and Norris. Then, Mr. Stillman was placed into Officer Hutchinson's vehicle by Officers Wellman and Tompkins. Throughout this entire altercation, Mr. Stillman did not resist or pose a threat to the officers or the public. Without probable cause, justification or any reasonable legal excuse, Officers Womack, Wellman, Tompkins, Huff, and Norris assaulted Mr. Stillman, and falsely imprisoned him all while using excessive force. Despite exhibiting no threat or resistance, Mr. Stillman was forcefully and violently apprehended by officers, resulting in injuries to the ribs, nose, eye, shoulder, spine, neck, lower extremities, and internal organs. Said injuries have resulted in extreme pain and suffering and future injury, with surgeries pending for the spine and neck injuries Mr. Stillman endured.

Due to the violation of his Constitutional rights, Mr. Stillman has suffered loss of liberty and significant personal injury. He has numerous injuries resulting from being forcefully and violently apprehended.

Mr. Stillman, a citizen of the United States, brings this action for money damages against all Defendants pursuant to 42 U.S. § 1983, to redress the deprivation, under color of law, of his rights, privileges and immunities as secured by the Constitution of the United States. Mr. Stillman seeks monetary damages sustained as a result of the violation of his Constitutional rights to due process and security against unreasonable searches and seizures. Mr. Stillman invokes the supplemental jurisdiction of this Court over related State law claims. Mr. Stillman

3

also requests punitive and exemplary damages, attorney fees and costs pursuant to 42 § U.S.C. 1988(b).

This is an action for money damages against the City Cheyenne Police Department and personnel of that department who violated Mr. Stillman's right to due process with excessive force and his personal secure against unreasonable searches and seizures under the Constitution of the United States.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and§ 1988 for civil rights violations under the United States Constitution.

2. Venue in this Court is appropriate pursuant to 28 U.S.C. § 139l(b).

3. This action arises under 42 U.S.C. § 1983, *et seq.*, and presents a claim for damages arising out of tortious conduct by Defendants acting under color of law as well as acting in their individual capacity. This conduct violated Mr. Stillman's rights protected by the 4th, 5th, and 14th Amendments of the Constitution of the United States.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343. This Court also has jurisdiction over Mr. Stillman's claims pursuant to 28 U.S.C. § 1331, because all claims arise under the Constitution and the laws of the United States., because all claims arise under the Constitution and the laws of the United States.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any claims arising under Wyoming law.

4

6. Pursuant to 28 U.S.C. § 1391(b)(2), proper venue for this case is the United States District Court for the District of Wyoming, because the acts complained of herein occurred within the District of Wyoming.

7. Prior to filing of this action, on July 26, 2022 (within 1 year of the alleged violations), a Notice of Claim, relating to the matters raised herein was filed with the Cheyenne City Clerk and served upon the Defendants: the City of Cheyenne Police Department, and Cheyenne Police Officers Womack, Wellman, Tompkins, Huff and Norris. Copies were also delivered to the Cheyenne City Attorney. The Notice of Claim, required under W.S. § 1-39-113(c), was filed in accordance with W.S. § 1-39-1 13(d) and in compliance with the signature and certification requirements of Article 16 § 7 of the Wyoming Constitution.

8. As of the date of filing of this Complaint, Defendants have not paid, accepted nor honored Mr. Stillman's claims.

9. Attached hereto and incorporated by reference as Exhibit 1 is the Notice of Claim, which was served on the appropriate parties and filed on July 26, 2022.

10. All claims herein are upon information and belief unless otherwise stated.

<u>**PARTIES**</u>

11. Plaintiff, Nicholas Stillman, is and was a resident of the city of Denver, Denver County, Colorado, at the time of the incident, as well as at the time of this Complaint.

12. The Defendant, City of Cheyenne Police Department, is and was a local government, a governmental entity as defined by W.S. § 1-39-103(a)(i) and (ii).

13. The Defendant, Cheyenne Police Officer Womack, is and was assumed to be a resident of Wyoming at the time of the incidents giving rise to this complaint. He is liable for his actions in his official and individual capacities. As a police officer, it is his responsibility and duty to protect the rights and welfare of Cheyenne citizens.

14. The Defendant, Cheyenne Police Officer Wellman, is and was assumed to be a resident of Wyoming at the time of the incidents giving rise to this complaint. He is liable for his actions in his official and individual capacities. As a police officer, it is his responsibility and duty to protect the rights and welfare of Cheyenne citizens.

15. The Defendant, Cheyenne Police Officer Tompkins, is and was assumed to be a resident of Wyoming at the time of the incidents giving rise to this complaint. He is liable for his actions in his official and individual capacities. As a police officer, it is his responsibility and duty to protect the rights and welfare of Cheyenne citizens.

16. The Defendant, Cheyenne Police Officer Huff, is and was assumed to be a resident of Wyoming at the time of the incidents giving rise to this complaint. He is liable for his actions in his official and individual capacities. As a police officer, it is his responsibility and duty to protect the rights and welfare of Cheyenne citizens.

17. The Defendant, Cheyenne Police Officer Norris, is and was assumed to be a resident of Wyoming at the time of the incidents giving rise to this complaint. He is liable for his actions in his official and individual capacities. As a police officer,

it is his responsibility and duty to protect the rights and welfare of Cheyenne citizens.

18. Any and all actions undertaken by any of these Defendants in relation to the allegations contained herein constitute actions under color of law. All individual Defendants are sued in their official, and if relevant, their individual capacities.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. On July 30, 2021, Mr. Stillman was attending a concert at Cheyenne Frontier Days at Frontier Park located at 1210 West 8th Avenue, Cheyenne, Wyoming.

20. At the concert, while in the Party Zone, Mr. Stillman's lip was injured when an altercation between two males occurred near him.

21. As Mr. Stillman was walking away from the crowd surrounding the altercation, Officer Norris approached him.

22. Officer Norris then escorted Mr. Stillman to the medical center next to the North Jail, after observing blood coming from Mr. Stillman's mouth.

23. When Mr. Stillman tried to return to the concert, Officer Norris commanded him to leave the park and not return to the concert.

24. Sergeant Bentley was also at the scene and directed Mr. Stillman to leave the location, informing Mr. Stillman that he could walk out, or they would drag him out.

25. Officer Norris then grabbed Mr. Stillman's left arm, while Officer Huff grabbed Mr. Stillman's right arm in order to escort Mr. Stillman out of the park.

7

26. Mr. Stillman fell to the ground as a result of the Officers' grabbing his arms but was shortly after able to return to his feet.

27. While still not being under arrest and only advised to leave the premises, Officer Womack wrapped his left arm over Mr. Stillman's left shoulder from behind and tried to force Mr. Stillman to the ground.

28. When this attempt by Officer Womack was unsuccessful, Officer Womack then tried pulling Mr. Stillman to the ground by pulling Mr. Stillman backwards and putting all his weight on top of Mr. Stillman.

29. This action by Officer Womack caused Mr. Stillman to fall to the ground.

30. While Mr. Stillman was on the ground, Officer Womack pushed his left forearm against Mr. Stillman's face.

31. Officer Norris then delivered several strikes with his knee to Mr. Stillman's legs and abdomen area, while Officer Huff struck Mr. Stillman's right thigh several times with a closed fist.

32. Officer Huff then used the side handle of his baton to pull Mr. Stillman's arm out from underneath him.

33. During this entire altercation, Mr. Stillman was not aggressive and only tried to instinctively protect his body from the aggressive blows that Officers Norris, Womack, and Huff were imposing on him.

34. Officer Womack then placed handcuffs on Mr. Stillman, while Officer Tompkins held Mr. Stillman's legs.

35. Officer Wellman then grabbed the WRAP, and with the help of Officer Tompkins, forced Mr. Stillman's legs into the device.

8

36. Then, with the assistance of Officers Huff and Norris, Mr. Stillman's entire body was forced into the WRAP.

37. After being forced into the WRAP, Mr. Stillman was then put into Officer Hutchinson's vehicle by Officers Wellman and Tompkins.

38. Police Officers Womack, Wellman, Thompkins, Huff and Norris were the arresting officers at the scene of the incident.

39. Mr. Stillman posed no threat to the officers or the public.

40. Mr. Stillman was forcefully and violently apprehended by officers.

41. Mr. Stillman was falsely arrested.

42. Mr. Stillman was fully cooperative and exhibited no threat or resistance.

43. As a result of the Officers' use of excessive force, Mr. Stillman sustained severe injuries to the shoulder, neck, back, and lower extremities.

44. The assault of Mr. Stillman was not supported by probable cause.

45. Mr. Stillman was illegally arrested, detained, and assaulted by individuals who failed to follow proper police protocol.

46. Mr. Stillman feared for his well-being.

47. Mr. Stillman sought medical attention at Kaiser Permanente for his numerous injuries and is awaiting surgery for his neck and shoulder.

48. Under Article 1 § 4 of the Wyoming Constitution and the Fourth Amendment to the United States Constitution, Mr. Stillman has the right to be secure in his person, house, papers and effects against unreasonable search and seizure. Assaulting Mr. Stillman and causing severe injuries due to excessive force to his person violated this right.

9

49. Under Article 1 § 14 of the Wyoming Constitution and the Eighth Amendment to the United States Constitution, Mr. Stillman has the right to be free of cruel and unusual punishment. Assaulting Mr. Stillman and causing severe injuries to his person violated this right.

50. Under Article 1 § 6 of the Wyoming Constitution and the Fourteenth Amendment to the United States Constitution, Mr. Stillman has the right not to be deprived of liberty or property without due process of law. Assaulting and causing severe injuries during arrest violated this right.

51. The Officers had no probable cause to arrest or seize Mr. Stillman.

52. Due to the violation of his Constitutional rights, Mr. Stillman has suffered a loss of liberty and significant personal injury.

## COUNT I – FOURTH AMENDMENT VIOLATION
### ARREST AND EXCESSIVE FORCE – 42 U.S.C. § 1983

53. Plaintiff incorporates all the foregoing allegations in this, his First Count.

54. Under 42 U.S.C. § 1983, when a person, acting under color of law, violates federally protected rights of another, causing damage, it is actionable.

55. In addition, under 42 U.S.C. § 1983, when a person, acting under color of law, violates federally protected rights of another, causing damage, it creates civil liability for the individual working for the entity.

56. Further, under 42 U.S.C. § 1983, an unreasonable seizure occurs when a law enforcement officer uses excessive force in making a lawful arrest.

57. The Defendants' actions of aggressively forcing Mr. Stillman to the ground, beating him while he was on the ground, and forcing him into the WRAP resulted

in extreme pain and suffering and future injury, while arresting him was an excessive use of force. The use of excessive force proximately caused Plaintiff's injuries and damages as referenced herein.

58. The acts, errors, and omissions of the Defendants as described herein were intentional, wanton, willful and/or reckless, entitling Mr. Stillman to an award of punitive damages.


## COUNT II – STATE LAW – ASSAULT AND BATTERY

59. Plaintiff incorporates all the foregoing allegations in this, his Second Count.

60. One or more of the named individual Defendant police officers, deliberately, and with intent to frighten and intimidate plaintiff, used excessive force by aggressively forcing Mr. Stillman to the ground, beating him while he was on the ground, and forcing him into the WRAP, which was done without cause or probable legal justification, and thereby directly and proximately caused Mr. Stillman to fear for his life, all of which proximately caused injury and damages.

61. The acts, errors, and omissions of the Defendants as described herein were intentional, wanton, willful and/or reckless, entitling Mr. Stillman to an award of punitive damages.


## COUNT III – STATE LAW – NEGLIGENCE

62. Plaintiff incorporates the foregoing allegations in this, his Third Count.

63. Defendant Officers negligently performed their official duties by causing physical injury through violently arresting and seizing Mr. Stillman. These actions are all

11

due to their failure to use reasonable and objective care, thereby directly and proximately causing Mr. Stillman's injury and damage.

## COUNT IV – ATTORNEY'S FEES

## PURSUANT TO 42 U.S.C. § 1988

64. Mr. Stillman has incurred reasonable attorneys' fees and expenses to pursue his causes of action for deprivation of rights guaranteed by the Constitution and laws of the United States under color of state law, and inextricably intertwined state law claims.

65. Mr. Stillman is entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## DAMAGES

66. As a direct and proximate cause of the conduct and civil rights violations and infringement by the Defendants as claimed in paragraphs 1 - 49.

67. Mr. Stillman has been irreparably injured and has suffered the following damages, including, but not limited to:

    a. Loss of reputation with humiliation and embarrassment;

    b. Emotional and mental –check--injuries compounded with pain and suffering;

    c. Loss of employment and other monetary losses;

    d. Physical injury and ongoing pain as a result of that injury.

12

**WHEREFORE,** Mr. Stillman, Plaintiff, prays for relief on all his causes of action as follows:

A. Judgment in favor of Plaintiff and against the named Defendants in an amount sufficient to compensate him for the injuries sustained and losses incurred.

B. An award of punitive damages for the Defendant's intentional, wanton, willful and/or cruel and unusual conduct.

C. An award of attorney's fees pursuant to 42 U.S.C. § 1988.

D. An award of costs and any other relief the Court deems just and proper.

E.

## JURY DEMAND

Plaintiff Nicholas Stillman hereby demands that this case be tried to a 6- or 12-person jury on all issues so triable.

**DATED** this 29ᵗʰ day of July 2025.

Nicholas Stillman, Plaintiff

By:_____

Dion J. Custis, #6-2674
400 E. 20th St.
Cheyenne, WY 82001
(307) 638-2442
Attorney for Plaintiff

13

## CERTIFICATION OF SERVICE

I hereby certify that on this _____ day of July 2025, a true and correct copy of the foregoing Complaint was served on all parties electronically and/or by certified hand delivery.

City of Cheyenne Police Department
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Norris
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Huff
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Tompkins
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Wellman
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Womack
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne City Attorney
2101 O'Neil Avenue
Cheyenne, WY 82001

DATED this 29th day of July, 2025.

Dion J. Custis, #6-2674
400 E. 20th St.
Cheyenne, WY 82001
(307) 638-2442
Attorney for Plaintiff

14

## NOTICE OF CLAIM

To:  City of Cheyenne Police Department
     415 West 18th Street
     Cheyenne, WY 82001

     City of Cheyenne Police Officers Norris
     415 West 18th Street
     Cheyenne. WY 82001

     City of Cheyenne Police Officers Huff
     415 West 18th Street
     Cheyenne. WY 82001

     City of Cheyenne Police Officers Tompkins
     415 West 18th Street
     Cheyenne, WY 82001

     City of Cheyenne Police Officers Wellman
     415 West 18th Street
     Cheyenne. WY 82001

     City of Cheyenne Police Officers Womack
     415 West 18th Street
     Cheyenne. WY 82001

     City of Cheyenne City Attorney
     2101 O'Neil Ave
     Cheyenne, WY 82001



NOTICE IS HEREBY GIVEN, that Nicholas Stillman, by and through his attorney, Dion J. Custis, may have claims as set forth in the Wyoming statutes. Section 1-39-101 et. seq., otherwise known as the Wyoming Governmental Claims Act, as more particularly described herein.

### A. TIME, PLACE AND CIRCUMSTANCES:

On July 30, 2021, Cheyenne Police officers physically assaulted, falsely imprisoned and used excessive force against Nicholas Stillman. This incident occurred in the Party Zone at 1210 W 8th Ave/Frontier Park Cheyenne Police Officers Norris approached Mr. Stillman walking away from a crowd surrounding a fight between two

males. The officer escorted him to the medic center next to the North jail after observing bleeding coming from Mr. Stillman's mouth. When Mr. Stillman tried to return to the concert Officer Norris commanded Mr. Stillman to leave the park and he could not return to the concert. Sgt. Bentley was at the location and also directed Mr. Stillman to leave the location and then informed him that he could walk out, or they would drag him out.

Officer Norris grabbed Mr. Stillman by his left arm and Officer Huff grabbed his right arm to escort him out of the park. Mr. Stillman fell to the ground as a result to the officers grabbing his arm but shortly got back up. Still not under arrest and only advised to leave the premises Officer Womack wrapped his left arm over Mr. Stillman's left shoulder from behind and tried to force down to the ground, which was unsuccessful, so the officer then tried pulling Mr. Stillman to the ground backwards. Officer Womack then put all his weight on top of Mr. Stillman which resulted in Mr. Stillman falling to the ground. While on the ground Officer Womack began pushing his left forearm against Mr. Stillman's face while Officer Norris delivered several knee strikes to Mr. Stillman's upper leg and abdomen area and Officer Huff was striking Mr. Stillman with a closed fist to his right thigh. Huff then used his side handle baton to pull his arm out from underneath him. During all this commotion Mr. Stillman was not aggressive and was simply trying to protect the knee and fist hits the officers were giving. Officer Womack placed cuffs on Mr. Stillman while his legs were being held by Officer Tompkins. Officer Wellman grabbed the WRAP and assisted Tompkins in placing his legs within the device and then fully placed within the WRAP device with the assistance of Officers Huff and Norris. Mr. Stillman was placed into Officer Hutchinson's vehicle by Wellman and Tompkins.

The assault of Mr. Stillman was inexcusable. It was not supported by probable cause. Mr. Stillman was illegally arrested, detained, and assaulted, by individuals who failed to follow proper police protocol. The behavior of the Cheyenne Police Officers was malicious, intentional, wanton, reckless and/or grossly negligent. Mr. Stillman has had to endure months of emotional and physical trauma as well as medical attention as a result of the officers' reprehensible behavior. The claimant has valid state law claims against the known and unknown officers under Wyoming law including, but not limited to, false arrest, false imprisonment, assault, battery, excessive force, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, injury, and gross negligence. The Claimants, residents of Westminster, Colorado, at the time, present this notice of claim requesting monetary redress for their injuries.

Under Article 1 § 4 of the Wyoming Constitution and the Fourth Amendment to the United States Constitution, Mr. Stillman has the right to be secure in his person, house, papers and effects against unreasonable search and seizure.

Under Article 1 § 14 of the Wyoming Constitution and the Eighth Amendment to the United States Constitution, Mr. Stillman has the right to be free of cruel and unusual punishment. The arrest and detention of his person violate this right.

Under Article 1 § 6 of the Wyoming Constitution and the Fourteenth Amendment to the United States Constitution, Mr. Stillman has the right not to be deprived of liberty or property without due process of law. The arrest and detention of his person violate this right.

Due to the violation of his Constitutional rights, Mr. Stillman has suffered loss of liberty and personal injury.

**B.**     **BOARDS, AGENCIES, AND INDIVIDUALS:**

This claim is made against the following entities or agencies:

City of Cheyenne Police Department
2020 Capital Ave
Cheyenne, WY 82001

City of Cheyenne Police Officers Norris
2020 Capital Ave
Cheyenne, WY 82001

City of Cheyenne Police Officers Huff
2020 Capital Ave
Cheyenne, WY 82001

City of Cheyenne Police Officers Tompkins
2020 Capital Ave
Cheyenne, WY 82001

City of Cheyenne Police Officers Wellman
2020 Capital Ave
Cheyenne, WY 82001

City of Cheyenne Police Officers Womack
2020 Capital Ave
Cheyenne, WY 82001

**C.**     **CLAIMANT AND ATTORNEYS**

The Claimant's name and address is:
Nicholas Stillman,
1113 W. 112th Ave., Unit B
Westminster, CO 80234

The Claimants' Attorney is:
Dion J. Custis
Dion J. Custis, P.C.
400 E. 20th St.
Cheyenne, Wyoming 82001

**D.**     **COMPENSATION**

Pursuant to W.S. § 1-39-118(a)(i), Mr. Stillman demands compensation in the

amount of two hundred fifty thousand dollars ($250,000.00) for the arrest of him and the

actions taken by the individuals and entities mentioned herein that caused significant injury and that denied him Constitutional rights to be secure against unreasonable search and seizure, to be free of cruel and unusual punishment, and to have due process of law, for a total of two hundred fifty thousand dollars ($250,000.00). If the City of Cheyenne has insurance coverage that exceeds this amount, Mr. Stillman demands the extent of its coverage pursuant to W.S. § 1-39-118(b)(i) and (ii).

**SERVICE:**

Duplicate copies of this claim shall be served upon the Boards, Agencies and individuals designated in Paragraph "B" above, as well as all those individuals and agencies or entities described at the top of this document. This claim is in compliance with the signature and certification requirements of Article 16, Section 7 of the Wyoming Constitution.

DATED THIS 12th day of July 2022

*Nicholas Stillman*
Nicholas Stillman

STATE OF WYOMING        )
                                  ) ss

COUNTY OF LARAMIE     )

## CERTIFICATION

    I, Nicholas Stillman, do hereby swear and certify, under the penalty of perjury, that the foregoing Notice of Claims, and everything contained therein, is true and accurate. I have read and understand the provisions of the false swearing statute. I hereby certify under **penalty of false swearing** that the foregoing claim, including all of its attachments, if any, is true and accurate.

    DATED THIS ___15th___ day of July 2022.

                               *Nicholas Stillman*
                               Nicholas Stillman

    **SUBSCRIBED AND SWORN** to before me this ___15th___ day of July 2022 by Nicholas Stillman, under the penalty of perjury.

    Witness my hand and official seal.

BRETNIE D MERCER
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 166129
MY COMMISSION EXPIRES: 10/11/2027

                              Notary Public

    My commission expires: 10/11/2027

# eSignature Details

| | |
|---|---|
| Signer ID: | **Gs5NJcUAgFlXSmzpwQ1eNks3** |
| Signed by: | Nick Stillman |
| Sent to email: | nick.stillman@hotmail.com |
| IP Address: | 24.8.62.52 |
| Signed at: | Jul 15 2022, 2:08 pm MDT |

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July 2022 a true and correct copy of the foregoing *Notice of Claim* was hand delivered to the following:

City of Cheyenne Police Department
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Norris
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Huff
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Tompkins
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Wellman
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne Police Officers Womack
415 West 18th Street
Cheyenne, WY 82001

City of Cheyenne City Attorney
2101 O'Neil Ave
Cheyenne, WY 82001

DION J. CUSTIS, P.C.

*/S/ Dion J. Custis, Esq. #23-13*
Attorney for Nicholas Stillman